UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| Healthcare Holdings of Florida LLC, *et al.*[1] | Chapter 11 |
| | Case No. 24-21355-SMG |
| Debtors. | (Jointly Administered) |
| | |
| CWGL Holdings, LLC | |
| Counter-Plaintiff, | Adv. Pro. No. |
| vs. | |
| Brett Feldman and Bryan Solomon, | |
| Counter-Defendants. | |

**NOTICE OF REMOVAL OF CLAIMS
PENDING IN STATE COURT CIVIL ACTION TO BANKRUPTCY COURT**

To the Honorable Scott M. Grossman, United States Bankruptcy Judge, All Parties in the above-referenced State Court Civil Action Hereby Removed, the Clerk of the State Court, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida:

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385); (viii) Home Care Resources Home Health Agency, LLC (0617); (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336); (xii) SN Home Healthcare, LLC (9996); (xiii) Senior Nannies Home Care Services, LLC (8991); and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

1

**PLEASE TAKE NOTICE** that Debtor CWGL Holdings, LLC (the "Debtor") submits this *Notice of Removal* in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 1452(a), and 28 U.S.C. § 157(a), and respectfully represents as follows:

### I.      Background

1. The Debtor and certain of its debtor affiliates filed their respective voluntary chapter 11 petitions on October 30, 2024 (the "Petition Date"), commencing chapter 11 cases (the "Chapter 11 Cases"), which cases are pending before the United States Bankruptcy Court for the Southern District, Fort Lauderdale Division.

2. The Debtor is a debtor in possession pursuant to sections 1101, 1107 and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. No trustee or examiner has been appointed in the Chapter 11 Cases, nor has a creditors' committee or any other official committee been appointed pursuant to section 1102 of the Bankruptcy Code.

4. As of the Petition Date, the state court civil action (the "Civil Action") titled, *Brett Feldman and Bryan Solomon vs. CWGL Holdings, LLC, et al.,* was pending before the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida (CACE-22-013915) (the "State Court"). On October 31, 2024, the Debtor filed that certain *Notice of Pendency of Bankruptcy and Automatic Stay of Proceedings* with the State Court notifying all parties to the Civil Action that the Debtor and its affiliates had filed the Chapter 11 Cases and the provisions of section 362 of the Bankruptcy Code stayed any further action in the Civil Action.

5. Before the Petition Date, on December 27, 2022 the Debtor, CWGL Holdings, LLC, filed CWGL Holdings, LLC's Answer, Affirmative Defenses, and Counterclaims in the Civil Action.

## II. Removal Under 28 U.S.C. § 1452

6. This Notice of Removal is for Debtor CWGL Holdings, LLC's **_Counterclaims_** in the Civil Action (the "Counterclaims"). The Counterclaims may be removed to this Court pursuant to 28 U.S.C. § 1452, which provides in pertinent part that:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452(a).

7. Pursuant to section 1452, a party may remove a claim or cause of action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334 and the *Order of Reference*, Admin. Order 2024-84 (S.D. Fla. Nov. 1, 2024) (the "Order of Reference"), this Court has original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b).

8. The Bankruptcy Court presiding over the Chapter 11 Cases, pursuant to the Order of Reference and 28 U.S.C. § 157, has jurisdiction over the Debtor's counterclaims asserted in the Civil Action pursuant to 28 U.S.C. § 1334.

9. First, the Counterclaims are related the Chapter 11 Cases within the meaning of 28 U.S.C. § 1334 because these claims for relief seek to determine amounts owed to the Debtor, and more importantly, infringe on the disbursement projections by the Debtor. The Counterclaims have a clear and direct impact on property of the estate under section 541 of the Bankruptcy Code. Indeed, resolution of the Counterclaims will significantly affect the administration of the estate and would involve the allowance or disallowance of the claims against the estate, counterclaims by the estate, attempts to obtain property of the estate, and proceedings affecting the liquidation of

3

assets of the estate and the adjustment of the debtor/creditor relationship and the equity security holder relationship.

10. <u>Second</u>, the Counterclaims are civil in nature. More specifically, Debtor CWGL Holdings, LLC asserts the following counterclaims for removal: Count I for Breach of Contract against Plaintiff/Counter-Defendant Brett Feldman; Count II for Breach of Contract against Plaintiff/Counter-Defendant Bryan Solomon; Count III for Breach of Fiduciary Duty against Plaintiff/Counter-Defendant Brett Feldman; and Count IV for Breach of Fiduciary Duty against Plaintiff/Counter-Defendant Bryan Solomon. There is no proceeding before the United States Tax Court or civil action by a governmental unit to enforce such governmental unit's police or regulatory power. Rather, the State Court is functioning as a judicial tribunal over a private civil action between the Plaintiffs and the Debtor.

11. <u>Third</u>, as set forth above, the Counterclaims include counts for breach of fiduciary duty against each of the Counter-Defendants (the "<u>Fiduciary Duty Counts</u>") and the Debtor intends to imminently seek leave of this Court to amend the Counterclaims to include additional counts for mandatory subordination pursuant to section 510(b) of the Bankruptcy Code and equitable subordination pursuant to section 510(c) of the Bankruptcy Code (the "<u>Subordination Counts</u>"). The Subordination Counts shall "arise under" the Bankruptcy Code, and the considerations undergirding such counts (in particular, the conduct the Debtor alleges amounts to breaches of fiduciary duty) are inextricably linked to the Fiduciary Duty Counts.

12. Based on the foregoing, the Debtor submits that the Counterclaims may be removed to this Court pursuant to 28 U.S.C. § 1452.

### III. All Requirements for Removal Are Met and Removal Is Proper

13. <u>First</u>, this Notice of Removal is timely because it is filed less than ninety (90) days after the order for relief in the Chapter 11 Cases. *See* Federal Rule of Bankruptcy Procedure 9027; 11 U.S.C. § 301(b).

14. <u>Second</u>, the Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division is the proper court in which to remove this action pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure because the Counterclaims are pending in the Civil Action, which is pending in this district and this division.

15. <u>Third</u>, written notice of the filing of this *Notice of Removal* and a copy of this Notice of Removal are being served upon the Plaintiffs through their counsel of record and will be filed with the Clerk of the Civil Court. True and correct copies and other documents on file in the Civil Action are attached hereto as follows (in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure):

    a. Plaintiffs' Amended Complaint filed on September 19, 2022;

    b. Debtor's Answer, Affirmative Defenses, and Counterclaim filed on December 27, 2022; and

    c. Plaintiffs/Counter-Defendants' Answer and Affirmative Defenses to Counterclaim filed on January 18, 2023.

16. If additional documents relating to the Civil Action are required, the Debtor will submit such documents. A true and correct copy of the Civil Action docket is attached hereto.

17. The Debtor has not sought similar relief regarding the removal of the Counterclaims.

### IV. Adoption and Reservation of Defenses

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any defenses available under applicable state or federal law or otherwise, which rights are expressly reserved. Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights and protections under the automatic stay provided under section 362 of the Bankruptcy Code and any other provision of the Bankruptcy Code, which rights and protections are expressly reserved

### V. Conclusion

19. The Counterclaims were pending as of the Petition Date. Each Counterclaim is related to the Chapter 11 Cases. Removal of the Counterclaims to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, 1334 and 157 and the *General Order of the District Court for the Southern District of Florida* referring bankruptcy matters to the United States Bankruptcy Court for the District. The Debtors submit that Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure and consent to entry of final orders or judgments by the Bankruptcy Court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtor hereby removes the Counterclaims to the United Bankruptcy Court for the Southern District of Florida pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

Dated: January 21, 2025

      /s/ Clarissa A. Rodriguez
      Clarissa A. Rodriguez
      Fla. Bar No. 38175
      Laura M. Reich
      Fla. Bar No. 22792
      **Harper Meyer LLP**
      201 S. Biscayne Blvd., Suite 800
      Miami, FL 33131
      T: 305-577-3443
      F: 305-577-9921
      E: crodriguez@harpermeyer.com

      *Litigation Counsel for Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2025, a true and correct copy of the foregoing was furnished via this Court's CM/ECF system to all parties registered to receive electronic service thereby.

By: */s/ Clarissa A. Rodriguez*
      Clarissa A. Rodriguez Esq.
      Email: crodriguez@harpermeyer.com
      Florida Bar No. 38175